UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SEAN MARTIN,
    Plaintiff,

-vs.-                                          **DEMAND FOR JURY TRIAL**

NELSON WATSON & ASSOCIATES, LLC,
    Defendant.

_____

# COMPLAINT & JURY DEMAND

Plaintiff, Sean Martin through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Nelson Watson & Associates, LLC which is a Massachusetts company that maintains registered offices in Ingham County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff's counsel, Nitzkin and Associates, had previously represented Plaintiff on an unrelated matter.

7. On or about December 13, 2011 around 4:20 p.m., Defendant's representative, Sherry, called Nitzkin & Associates and spoke with a secretary named Brandy.

8. Sherry called from 800-798-5606 and told Brandy that she was verifying Sean Martin's employment.

9. On or about December 13, 2011, Julie LaManna, a paralegal with Nitzkin and Associates called Defendant back and confirmed the above 800 number belonged to Defendant.

10. Sherry answered the phone and Ms. Lamanna questioned why she wanted to verify Sean Martin's employment at Nitzkin and Associates. Sherry then transferred Ms. Lamanna to a male representative.

11. When queried as to why the Defendant was seeking employment information about the Plaintiff, Defendant responded "This is listed as one of the contact numbers to reach him. This is a collection agency. Obviously if he does not work there or you are not handling his business affairs, we have no reason to get in touch with this firm."

12. On or about December 14, 2011, Plaintiff called Defendant to inquire as to what debt the Defendant was attempting to collect from him. Defendant told Plaintiff that it is attempting to collect on a consumer type debt allegedly owed by Plaintiff to HSBC.

13. Defendant told Plaintiff that they needed financial information to enroll him in a hardship plan, or he could offer Plaintiff a settlement. Defendant's representative said that he would email Plaintiff the settlement offer.

14. The representative also stated that Plaintiff had to resolve this with his office to avoid his Plaintiff filing a suit against Plaintiff or seeking other legal options.

15. On or about December 14, 2011, Plaintiff received an email from Defendant.

16. This email is the first and only letter that Plaintiff received from Defendant. It does not contain the mandatory thirty day validation notice rights, as required by the FDCPA.

17. Further, this letter is misleading in that it states that Plaintiff has agreed to settle the account for $250.95. Plaintiff did not make this agreement with Defendant. He simply asked Defendant to send him a letter showing this settlement offer.

18. Upon information and belief, the Defendant already had the Plaintiff's home address and telephone number and was thus barred under the FDCPA from contacting any other third parties in connection with the collection of the alleged debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

24. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

                                                  /s/ Gary Nitzkin  
December 16, 2011                GARY D. NITZKIN  P41155  
                                                  MICHIGAN CONSUMER CREDIT LAWYERS  
                                                  Attorneys for Plaintiff  
                                                  22142 West Nine Mile Road  
                                                  Southfield, MI 48033  
                                                  (248) 353-2882  
                                                  Fax (248) 353-4840  
                                                  Email –gnitzkin@creditor-law.com